**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 44277**

| | | |
|---|---|---|
| In the Interest of the DOE CHILDREN, Children Under the Age of Eighteen (18) Years. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | 2016 Unpublished Opinion No. 685 |
| | ) | Filed: September 15, 2016 |
| Plaintiff-Respondent, | ) ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| JOHN DOE (2016-24), | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| Respondent-Appellant, | ) ) | |
| and | ) ) | |
| GUARDIAN AD LITEM/CASA, | ) ) | |
| Intervenor-Respondent. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Calvin H. Campbell, Magistrate.

Order terminating parental rights, <u>affirmed</u>.

Williams Law Office, Chtd; Timothy J. Williams, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent Idaho Department of Health and Welfare.

Jamie A. LaMure, Kimberly, for respondent Guardian Ad Litem/CASA.

_____

GRATTON, Judge

John Doe appeals from the magistrate's order terminating his parental rights. We affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe has four children: J.S., born in 2007; R.S., born in 2008; M.S., born in 2010; and S.S., born in 2013. The Idaho Department of Health and Welfare (the Department) took custody of Doe's children in May 2014 due to reports of an unstable home environment and drug use in the home.

In June 2014, the magistrate ordered Doe to complete a case plan. The case plan required Doe to cooperate with the Department; submit to random drug tests; maintain financial stability through employment; maintain safe, stable, sanitary, and drug-free housing; attend grief counseling to address the loss of his father; attend a parenting class; attend family counseling; and ensure the children attended all recommended appointments and school. Doe struggled to comply with the case plan. The children's health, behavior, and development improved while they were in the custody of the Department.

The Department petitioned for termination of Doe's parental rights in June 2015, and the magistrate held a hearing in December 2015. The magistrate found that Doe had neglected the children, but continued the hearing until March 2016 because of the strong bond between Doe and the children and the recent progress made by Doe on his case plan.

The magistrate terminated Doe's parental rights after the March 2016 hearing, finding that Doe had neglected the children and it was in the children's best interests to terminate Doe's parental rights. Doe timely appeals.

# II.

## ANALYSIS

Doe argues substantial and competent evidence in the record did not support the magistrate's findings that: (1) Doe had neglected the children; and (2) it was in the children's best interests to terminate Doe's parental rights.

### A. Neglect

Doe asserts substantial and competent evidence did not support the magistrate's finding that Doe had neglected the children. A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114,

2

1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

3

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

Doe argues the magistrate did not consider efforts he made on his case plan. According to Doe, he demonstrated steady employment and housing. Doe also argues an error in the dosage of his medication caused his failures on the case plan.

The magistrate found by clear and convincing evidence that Doe had neglected the children by failing to comply with his case plan. The magistrate based this finding on substantial and competent evidence. Doe withheld information from the Department and ignored or disregarded instruction on parenting skills from case workers. Further, Doe was discharged from drug treatment after several unsuccessful attempts, failed numerous drug tests, and admitted to using controlled substances while the case plan was in place. While Doe has some work history, his drug use and depression have prevented him from consistently providing for the children. Moreover, Doe did not obtain stable housing. He was evicted from several residences, lived in motels, and relied on others for his only regular housing. Although he had a trailer, he did not have a place to put it. Finally, Doe did not complete a parenting class or regularly attend family or grief counseling, was charged with criminal conduct, and missed visits with the children. Thus, the magistrate based its finding that Doe neglected the children by failing to comply with the case plan on substantial and competent evidence, and we affirm the magistrate.

Despite Doe's assertions, he did not demonstrate steady employment or housing. Further, Doe's failures on the case plan arose long before he began taking medication. Thus, it is clear his failures on the case plan cannot be wholly attributed to an error in the dosage of his medication.

4

**B.      Best Interests of the Children**

Doe also argues substantial and competent evidence did not support the magistrate's determination that it was in the best interests of the children to terminate his parental rights. Once the trial court establishes a statutory ground for termination, it must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the stability and permanency of the home, the employment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014); *see also Doe v. Roe*, 133 Idaho 805, 809-10, 992 P.2d 1205, 1209-10 (1999); *Doe v. State, Dep't of Health & Welfare*, 122 Idaho 644, 648, 837 P.2d 319, 323 (Ct. App. 1992). Thus, a finding that it is in the best interest of the child to terminate parental rights must be made upon objective grounds, supported by substantial and competent evidence. *In re Doe*, 152 Idaho 953, 957, 277 P.3d 400, 404 (Ct. App. 2012).

The magistrate found by clear and convincing evidence that it was in the best interests of the children to terminate Doe's parental rights. The magistrate based this finding on substantial and competent evidence. Doe did not establish permanent, stable housing. He was evicted from several residences, lived in motels, and relied on others for his only regular housing. Although he had a trailer, he did not have a place to put it. Further, Doe's drug use, criminal matters, and self-sufficiency problems were not conducive to a stable, permanent home environment. Finally, the children's health, behavior, and development improved while they were in the custody of the Department. S.S. had health issues that his foster parents addressed. The children were behind developmentally when the Department took custody of them, but have since made substantial developmental progress. Shortly after the Department took custody of the children, they tested positive for controlled substances and exhibited extreme behavioral issues caused by trauma. Although the children's behavior still deteriorates around their parents' visits, the children's behavior has improved substantially. Thus, the magistrate based its finding that it was in the children's best interests to terminate Doe's parental rights on substantial and competent evidence, and we affirm the magistrate.

5

## III.
## CONCLUSION

Substantial and competent evidence supports the magistrate's findings that Doe neglected the children, and it was in the best interests of the children to terminate Doe's parental rights. The magistrate's order terminating Doe's parental rights is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.